IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **VLADIMIR GALOCHKIN,** )<br>)<br>**Plaintiff,** )<br>v. )<br>)<br>**NANCY A. BERRYHILL, ACTING** )<br>**COMMISSIONER OF SOCIAL** )<br>**SECURITY,** )<br>**Defendant.** )<br>_____) | Case No. 16-2762-CM |

## MEMORANDUM AND ORDER

Plaintiff Vladimir Galochkin filed this action pursuant to Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401 et seq., requesting disability benefits. Plaintiff claims that he became disabled on October 27, 2012. He suffers from spondylosis/degenerative disc disease and depression. The administrative law judge ("ALJ") reviewing plaintiff's case found that plaintiff had these medically determinable impairments, but that they did not constitute severe impairments. The ALJ therefore found that plaintiff was not disabled, and the ALJ's decision stands as the final decision of the Commissioner of Social Security. Plaintiff argues that the ALJ erred in several ways: (1) he failed to determine plaintiff's residual functional capacity ("RFC"); (2) he failed to consider plaintiff's age as a vocational barrier; and (3) he improperly weighed the opinion of a non-treating, non-examining physician over plaintiff's treating physician. After reviewing the record, the court makes the following rulings.

**I.      Legal Standard**

This court applies a two-pronged review to the ALJ's decision: (1) Are the factual findings supported by substantial evidence in the record? (2) Did the ALJ apply the correct legal standards? *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted). "Substantial evidence" is a

-1-

-2-

term of art.  It means "more than a mere scintilla" and "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Hunter v. Astrue*, 321 F. App'x 789, 792 (10th Cir. 2009) (quoting *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007)).  When evaluating whether the standard has been met, the court is limited; it may not reweigh the evidence or replace the ALJ's judgment with its own.  *Bellamy v. Massanari*, 29 F. App'x 567, 569 (10th Cir. 2002) (citing *Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995)).  On the other hand, the court must examine the entire record—including any evidence that may detract from the decision of the ALJ.  *Jaramillo v. Massanari*, 21 F. App'x 792, 794 (10th Cir. 2001) (citing *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994)).

Plaintiff bears the burden of proving disability.  *Hunter*, 321 F. App'x at 792.  A disability requires an impairment—physical or mental—that causes one to be unable to engage in any substantial gainful activity.  *Id*. (quoting *Barnhart v. Walton*, 535 U.S. 212, 217 (2002)).  Impairment, as defined under 42 U.S.C. § 423(d)(1)(A), is a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

The ALJ uses a five-step sequential process to evaluate disability claims.  *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) (citation omitted).  But the ALJ may stop once he makes a disability determination; he does not need to continue through subsequent steps if he is able to find a claimant disabled or not disabled at an intermediate step.  *Id*.

The components of the five-step process are:

- **Step One**:  The plaintiff must demonstrate that he is not engaged in substantial gainful employment activity.  *Id*.  If the plaintiff meets this burden, then the ALJ moves to Step Two.

- **Step Two**: The plaintiff must demonstrate that he has a "medically severe impairment or combination of impairments" that severely limits his ability to do work. *Id*. (internal quotation omitted).
    - If the plaintiff's impairments have no more than a minimal effect on his ability to do work, then the ALJ can make a nondisability determination at this step.
    - If the plaintiff makes a sufficient showing that his impairments are more than minimal, then the ALJ moves to Step Three.
- **Step Three**: The ALJ compares the impairment to the "listed impairments"—impairments that the Secretary of Health and Human Services recognizes as severe enough to preclude substantial gainful activity. *Id*. at 751.
    - If the impairment(s) match one on the list, then the ALJ makes a disability finding. *Id.*
    - If an impairment is not listed, the ALJ moves to Step Four of the evaluation. *Id*.
- **Prior to Step Four**: The ALJ must assess the plaintiff's residual functional capacity ("RFC"). *Baker v. Barnhart*, 84 F. App'x 10, 13 (10th Cir. 2003) (citing *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996)).
- **Step Four**: The plaintiff must show that he cannot perform his past work. *Williams*, 844 F.2d at 751. If plaintiff shows that he cannot, the ALJ moves to the last step.
- **Step Five**: Here, the burden shifts to the ALJ. The ALJ must show that the plaintiff can perform some work that exists in large numbers in the national economy. *Id*.

## II.  Analysis

In this case, the ALJ proceeded through Step Two, finding that plaintiff's medically determinable impairments were not severe. Despite that finding, plaintiff challenges later steps in the process—steps that the ALJ did not reach because he found plaintiff not disabled at Step Two.

-3-

Although many of plaintiff's arguments are irrelevant to this court's review of the ALJ's decision, the court considers those that could pertain to the ALJ's decision at Step Two.

The court reviews the record to determine whether substantial evidence supports the ALJ's decision that plaintiff's impairments were not severe. A non-severe impairment is an impairment that is medically determinable, but does not significantly limit a plaintiff's physical or mental ability to do basic work activities. *See* 20 C.F.R. § 404.1521(a). The plaintiff's burden to show that he has an impairment that is severe is de minimis, *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997), but "if the medical severity of a [plaintiff's] impairments is so slight that the impairments could not interfere with or have a serious impact on the [plaintiff's] ability to do basic work activities, irrespective of vocational factors, the impairments do not prevent the [plaintiff] from engaging in substantial gainful activity," *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988). The plaintiff must "show more than the mere presence of a condition or ailment." *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997).

First, the court considers plaintiff's spondylosis/degenerative disc disease. The record shows only mild abnormalities. Plaintiff's physical examinations were normal. A state agency consultant opined that plaintiff did not have a severe physical impairment, and plaintiff's activities of daily living were not consistent with claims of debilitating pain. Although plaintiff's treating physician opined that plaintiff had a number of physical limitations, the ALJ properly evaluated this opinion and gave it little weight because it was not well-supported by the doctor's treatment records, which showed very little objective evidence of abnormalities. The ALJ properly gave the opinion of the state agency consultant more weight, identifying the record evidence that supported his decision and discussing in detail the reasons for the weight given. Substantial evidence supports the ALJ's decision that plaintiff's

spondylosis/degenerative disc disease is not a severe impairment.  Plaintiff has shown no more than the "mere presence of a condition or ailment."  *See id.*

Second, the court considers plaintiff's depression.  Significantly, plaintiff stated in his hearing that he thought his only mental limitations were anxiety over his back pain.  A psychological consultative examiner in November 2013 found that plaintiff did not have any mental impairments.  Similarly, two state agency psychological consultants opined that plaintiff did not have any medically determinable mental impairments at all.  But because plaintiff's treating physician prescribed plaintiff Citalopram in April 2014, the ALJ found that plaintiff's depression did constitute a medically determinable impairment—just not one that was severe.  In so finding, the ALJ found that plaintiff had no limitations in activities of daily living or social functioning.  He performed well on tests, and had no problems getting along with others.  Again, the court determines that substantial evidence supports the ALJ's decision that plaintiff's depression is not a severe impairment.

Because these findings are supported by substantial evidence, the ALJ did not err in failing to progress through the five-step process.  While plaintiff's burden at Step Two is not high, substantial evidence in the record supports the ALJ's analysis.  Furthermore, the ALJ applied the correct legal standards in reaching his decision.

Plaintiff complains that the ALJ failed to assess his RFC.  But there was no need for this.  Plaintiff also argues that the ALJ should have evaluated the demands of plaintiff's past relevant work.  Likewise, there was no need for this assessment.  And plaintiff argues that the ALJ did not consider the combined effects of his impairments.  The ALJ, however, explicitly stated that he considered whether plaintiff's impairments "singly and in combination" significantly limited his ability to perform basic work activities.  None of plaintiff's arguments present a valid reason for finding error in the ALJ's opinion.

-6-

**IT IS THEREFORE ORDERED** that the decision of the Acting Commissioner of Social Security is affirmed.

The case is closed.

Dated this 16th day of November, 2017 at Kansas City, Kansas.

        **s/ Carlos Murguia**
        **CARLOS MURGUIA**
        **United States District Judge**